| | |
|---|---|
| DISTRICT COURT, Larimer County, State of Colorado<br>Larimer County Justice Center<br>201 LaPorte Avenue, Suite 100<br>Fort Collins, CO 80521<br>(970) 494-3500 | DATE FILED: October 26, 2017 10:28 AM<br>FILING ID: 2E2A7635F9F7E<br>CASE NUMBER: 2017CV30908 |
| Plaintiff:   **ESTATE OF LLOYD R. WINDBIGLER**<br><br>v.<br><br>Defendants:   **WELLS FARGO BANK, NATIONAL ASSOCIATION**, a foreign corporation doing business in the State of Colorado, and **CENTURYLINK, INC.**, a foreign corporation doing business in the State of Colorado | |
| | COURT USE ONLY |
| CLARK WILLIAMS AND MATSUNAKA, LLC<br>Stanley T. Matsunaka, #9843<br>Melissa K. Matsunaka, #40875<br>2881 North Monroe Avenue<br>Loveland, Colorado 80538<br>Telephone: (970)669-8668<br>Fax: (970) 667-7524<br>Email: Stan.Matsunaka@gmail.com<br>E-mail: stmlaw3@aol.com | Case No.:<br><br>Courtroom:<br><br>Division |
| **VERIFIED COMPLAINT** | |

COMES NOW the Plaintiff, the Estate of Lloyd R. Windbigler, by and through its attorneys, Clark Williams and Matsunaka, LLC, and hereby file their Complaint against Defendants as follows:

### INTRODUCTION

1.  The Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, *et seq.* ("ERISA").

2.  Plaintiff asserts its claims against the employer of the deceased, CenturyLink, Inc., and the manager of the Union 401(k) Plan, Wells Fargo Bank, National Association for breach of fiduciary duty and breach of contact.

## PARTIES AND VENUE

3. Plaintiff, the Estate of Lloyd R. Windbigler, hereinafter known as the "Estate", is an informal probate proceeding that was filed with the Larimer County District Court on September 28, 2016 by the personal representative, Joel L. Windbigler. The Decedent died on September 12, 2016 and at the time of his death, he was a resident of the City of Loveland, County of Larimer, State of Colorado.

4. Defendant Wells Fargo Bank, National Association, including its agents and employees, hereinafter known as "Wells Fargo", is a foreign corporation registered to do business in the State of Colorado.

5. Defendant CenturyLink, Inc., including its agents and employees, hereinafter known as "CenturyLink", is a foreign corporation registered to do business in the State of Colorado.

6. Venue is proper in Larimer County pursuant to C.R.C.P. 98, as Plaintiff the Estate and its personal representative is a resident of Larimer County, Colorado, and the Defendants have conducted, and are conducting, business in Larimer County, Colorado.

## GENERAL ALLEGATIONS

7. Defendant Wells Fargo, as the administrator of the CenturyLink Union 401(k) Plan, hereinafter known as "401(k)" and Defendant CenturyLink as the employer who selected Defendant Wells Fargo to manage said plan are the fiduciaries who improperly managed the 401(k) for the benefit of themselves and their affiliates.

8. Defendant CenturyLink, the decedent's employer, was the 401(k) sponsor.

9. All Defendants, including the employer, were responsible for the 401(k) management decisions.

10. ERISA imposes strict duties of loyalty and prudence upon plan fiduciaries, 29 U.S.C. §1104(a)(1). Fiduciaries must act "solely in the interest of the participants and beneficiaries." 29 U.S.C. §1104(a)(1).

11. Defendant CenturyLink, by way of its Pension Service Center was notified on multiple occasions that the employee was deceased, the named beneficiary of the 401(k) pre-deceased him and that the proceeds of any benefits, including the funds of the 401(k), should be disbursed to the Estate. (See Exhibit 1).

12. The named beneficiary of the decedent's 401(k) predeceased him. Said evidence of the named beneficiary's death, specifically the original certified certificate of death, was provided to the Defendant CenturyLink.

13. The counsel of the Estate also contacted Defendant Wells Fargo directly, via telephone to follow-up on the information that was provided to Defendant CenturyLink on multiple occasions.

14. Defendant Wells Fargo acknowledged that the documents were received.

15. The Defendant Wells Fargo continuously delays the disbursement of the 401(k) due to internal processes that were not relayed to either the counsel of the Estate or to the personal representative of the Estate.

16. The Defendants failed to establish or follow procedures consistant with regulations and Plaintiff has exhausted the administrative remedies available, as the Defendants have failed to provide any reasonable claims procedures to avoid this action.

## FIRST CLAIM FOR RELIEF
### Breach of Fiduciary Duty

17. The foregoing paragraphs, and the allegations contained therein, are incorporated herein by reference.

18. The Defendant Wells Fargo was acting as a fiduciary of the Plaintiff with respect to the management of the 401(k).

19. The Defendant CenturyLink was acting as a fiduciary of the Plaintiff with respect to the selection of Wells Fargo to manage its employees' 401(k).

20. The Defendants breached a fiduciary duty to the Plaintiff as it is a beneficiary of the 401(k).

21. The Plaintiff has suffered and continues to suffer economic losses.

22. The Plaintiff and its' personal representative has been unable to properly grieve due to the multiple delays by the Defendants although multiple requests had been made, beginning in February of 2017.

23. The Defendants' breach of fiduciary duty was a cause of the losses Plaintiff has incurred and continues to incur and these losses are in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

23. The foregoing paragraphs, and the allegations contained therein, are incorporated herein by reference.

24. The Defendants entered into a contract with the Plaintiff to sponsor and administer the 401(k).

25. The Plaintiff has exhausted all of its administrative remedies available.

26. Defendants breached the contract by failing to distribute the funds that are in the 401(k) to Plaintiff.

27. The Defendants also breach the implied covenant of good faith and fair dealing by depriving the benefits allowed to Plaintiff by failing to distribute the balance of the 401(k) to the Plaintiff.

28. The Plaintiff performed its part of the contract.

29. The Defendants' breach of contract was a cause of the losses Plaintiff has incurred and continues to incur and these losses are in an amount to be proven at trial.

WHEREFORE Plaintiff respectfully requests that the Court:

1. Find and declare that the Defendants have breached their fiduciary duties as described above;

2. Find and declare that the Defendants have breached the contract;

3. Award the Plaintiff the full amount of the 401(k), plus any tax amount that the Plaintiff is required by the IRS Code;

4. Award to the Plaintiffs its attorney's fees and costs pursuant to 29 U.S.C. §1132(g);

5. Order equitable restitution or other available equitable relief against the Defendants;

6. Order the payment of interest to the extent it is allowed by law; and

7. Grant any other and further relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this the 27th day of October, 2017.

CLARK WILLIAMS and MATSUNAKA, LLC

*A duly signed original is on file at the office of Clark, Williams and Matsunaka, LLC*

/s/Stanley T. Matsunaka
Stanley T. Matsunaka, #9843
2881 N. Monroe Avenue, Suite 1
Loveland, CO 80538
Attorneys for the Plaintiffs

**VERIFICATION**

I, Joel L. Windbigler, Personal Representative of the Estate of Lloyd R. Windbigler, being first duly sworn upon oath, do hereby verify that I have read the above and foregoing Complaint, and that the allegations contained therein are true and correct to the best of my knowledge, information and belief.

Joel L. Windbigler, PR of the Estate of Lloyd R. Windbigler

STATE OF COLORADO   )
                    ) ss.
COUNTY OF Larimer   )

Subscribed and sworn to before me this 25TH day of October, 2017 by Joel L. Windbigler, Personal Representative of the Estate of Lloyd R. Windbigler.

Witness my hand and official seal.

My commission expires: Jan. 11, 2021

Notary Public

Autumn J Jaster
Notary Public
State of Colorado
Notary ID 20174001666
My Commission Expires January 11, 2021